Robert D. Piliero (RP-6898)
**PILIERO & ASSOCIATES PLLC**
444 Madison Avenue, Fourth Floor
New York, NY 10022
Telephone: 646-854-1273
E-mail: piliero@pilierolaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**SCOTT J. PAGANO,**

                **Plaintiff,**

-against-

**GFI SECURITIES, LLC,**

                **Defendant.**
-------------------------------------------------------X

Case No.:17-cv-4728

**COMPLAINT and
DEMAND FOR JURY TRIAL**

Plaintiff Scott J. Pagano ("Pagano"), by and through his undersigned counsel, asserts the following as his Complaint against Defendant GFI Securities, LLC ("GFI"), for breach of contract and declaratory judgment.

**PRELIMINARY STATEMENT**

1. This action seeks enforcement of an arbitration Award rendered by the Financial Industry Regulatory Authority ("FINRA") and subsequently confirmed by the Supreme Court of the State of New York, New York County. The FINRA proceeding involved claims by Plaintiff Pagano arising out of his Employment Agreement with Defendant GFI, and counterclaims asserted by GFI against Pagano based on that same Employment Agreement. One of the issues raised by Defendant GFI in that arbitration proceeding was its request that the FINRA arbitration panel ("FINRA Panel") grant GFI permission to terminate that Employment Agreement. In its December 22, 2016 Award, the FINRA Panel specifically denied that request.

2. Nonetheless, on the next business day after the parties received a copy of the Award, GFI did precisely what the FINRA Panel had prohibited: it terminated Pagano's employment.

3. In this action, Pagano seeks a judicial declaration, based on principles of issue preclusion, confirming the Award of the FINRA Panel that GFI did not have the legal right to terminate its employment contract with Pagano and, based on that, an award of contract damages pursuant to the terms of the Employment Agreement between the parties.

## PARTIES

4. Pagano is an individual residing at 134 Elena Court, Jupiter, Florida 33478.

5. Upon information and belief, GFI is a New York limited liability company with its principal place of business at 55 Water Street, New York, New York 10041.

6. Upon information and belief, the sole member of GFI is GFI Group, Inc., a Delaware corporation with its principal place of business at 55 Water Street, New York, New York 10041.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are diverse in citizenship.

8. This Court has personal jurisdiction over GFI as GFI is a New York limited liability company with its principal place of business in New York, New York.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because GFI resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

10. On or about May 28, 2008, Pagano and GFI entered into an Employment Agreement which was subsequently amended and modified on several occasions (the "Employment Agreement").

11. In accordance with the Employment Agreement, on or about September 17, 2015, due to issues that arose between Pagano and GFI, Pagano filed a Statement of Claim against GFI with the FINRA, alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent inducement.

12. On or about November 21, 2015, GFI filed a Statement of Answer and Counterclaim with FINRA. In its Counterclaim, GFI asserted a cause of action against Pagano for breach of contract.

13. On November 9, 10, 15-17 and December 15, 2016, a hearing was held before a panel of three arbitrators assigned by FINRA (the "Arbitrators") to decide the matters in dispute and issue an award in accordance with the rules of FINRA (the "Arbitration").

14. At the Arbitration hearing, GFI requested that the Employment Agreement be terminated.

15. After considering the pleadings, the testimony and evidence presented at the hearing, the Arbitrators reached a decision and duly made their award in writing, signed and affirmed on December 22, 2016 (the "Arbitration Award").

16. In the Arbitration Award, the Arbitrators dismissed all the claims that each party had asserted against the other, including without limitation, GFI's claim that it had the legal right to terminate its Employment Agreement with Pagano. A true copy of the Arbitration Award is annexed hereto as Exhibit 1. On May 22, 2017, the Supreme Court of the State of New York,

County of New York, confirmed the Arbitration Award. A true copy of the Confirmation Order is annexed hereto as Exhibit 2. GFI did not appear in or contest the proceeding to confirm the Arbitration Award.

17. On December 27, 2016, the next business day after the Arbitration Award was rendered, GFI terminated Pagano's employment in blatant disregard of the determination of FINRA as expressed in the Arbitration Award.

18. Since the date of the termination of Pagano's employment, despite due demand, GFI has failed to pay Pagano as required under the Employment Agreement.

### FIRST CLAIM
### (Declaratory Judgment)

19. Plaintiff repeats and realleges the allegations set forth above as fully and completely as if set forth herein.

20. Defendant terminated its Employment Agreement with Plaintiff despite the absence of any legal authority to do so, as already confirmed by a three-member Arbitration Panel in an Award that was subsequently confirmed by the Supreme Court of the State of New York, New York County.

21. Defendant nonetheless asserts that it had the legal right to terminate the Employment Agreement.

22. By reason of the foregoing, pursuant to 28 U.S.C. § 2201, an actual controversy exists between Plaintiff and Defendant. Plaintiff therefore seeks a declaratory judgment that Defendant did not have legal authority to terminate the Employment Agreement, and that its termination of that Employment Agreement constituted a breach of contract.

## SECOND CLAIM
### (Breach of Contract)

23. Plaintiff repeats and realleges the allegations set forth above as fully and completely as if set forth herein.

24. Plaintiff and Defendant were parties to an Employment Agreement.

25. The Employment Agreement is a valid and enforceable contract.

26. Defendant breached the terms of the Employment Agreement by unlawfully terminating it despite the absence of any legal justification to do so, as determined by the FINRA Panel.

27. Plaintiff performed all his obligations under the Employment Agreement.

28. Despite due demand by Plaintiff, Defendant has failed and refused to pay Plaintiff the amount to which he is entitled under the Employment Agreement.

29. By reason of the foregoing, Defendant has breached its contractual obligations to Plaintiff, which caused Plaintiff to suffer injury and damages in the amount of $562,500.00, representing unpaid compensation from the date of termination through the date on which the Employment Agreement would have expired in accordance with its terms.

**WHEREFORE,** Plaintiff Scott J. Pagano prays for the following relief:

1. A declaration that Defendant did not have legal authority to terminate the Employment Agreement, and that its termination of that Agreement constituted a breach of contract; and

2. Damages in an amount not less than $562,500.00;

together with pre-judgment interest, costs of this action, including reasonable attorney's fees, and such other further and different relief as to this Court may seem just and proper.

Dated: New York, New York　　　　　　　　**PILIERO & ASSOCIATES PLLC**
　　　　　June 21, 2017

　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Robert D. Piliero*
　　　　　　　　　　　　　　　　　　　　　　　　Robert D. Piliero (RP-6898)
　　　　　　　　　　　　　　　　　　　　　　　　444 Madison Avenue, Fourth Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York New York 10022
　　　　　　　　　　　　　　　　　　　　　　　　Tel: 646.854.1273
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: Piliero@pilierolaw.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Scott J. Pagano demands a trial by jury.

Dated: New York, New York　　　　　　　　**PILIERO & ASSOCIATES PLLC**
　　　　　June 21, 2017

　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Robert D. Piliero*
　　　　　　　　　　　　　　　　　　　　　　　　Robert D. Piliero (RP 6898)
　　　　　　　　　　　　　　　　　　　　　　　　444 Madison Avenue, Fourth Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York New York 10022
　　　　　　　　　　　　　　　　　　　　　　　　Tel: 646.854.1273
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: Piliero@pilierolaw.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*